# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIET KEARSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV420-225 |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Juliet Kearse[2] seeks judicial review of the Social Security Administration (SSA)'s denial of her application for a period of disability and disability insurance benefits (widow's benefits).

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.

---

[1]   Kilolo Kijakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]   The record includes references to plaintiff as "Juliet Griffin."   *See, e.g.,* Tr. 1, 29. The Court refers to plaintiff as "Juliet Kearse" in this Report and Recommendation. *See, e.g.,* doc. 1 (Complaint filed on behalf of "Juliet Kearse").

> 2011).   "Substantial evidence is more than a scintilla and is such
> relevant evidence as a reasonable person would accept as adequate
> to support a conclusion."  *Id.* (quotation omitted). . . .  "We may
> not decide the facts anew, reweigh the evidence, or substitute our
> judgment for that of the Commissioner."  *Winschel*, 631 F.3d at
> 1178 (quotation and brackets omitted).   "If the Commissioner's
> decision is supported by substantial evidence, this Court must
> affirm, even if the proof preponderates against it."  *Dyer v.
> Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014);

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019)

("Substantial evidence . . . is 'more than a mere scintilla.'  [Cit.]   It

means—and means only—'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant.   *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

> . . . a five-step, "sequential" process for determining whether a
> claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds
> a claimant disabled or not disabled at any given step, the ALJ does
> not go on to the next step.   *Id.* § 404.1520(a)(4).   At the first step,
> the ALJ must determine whether the claimant is currently engaged
> in substantial gainful activity.   *Id.* § 404.1520(a)(4)(i).   At the
> second step, the ALJ must determine whether the impairment or
> combination of impairments for which the claimant allegedly
> suffers is "severe."   *Id.* § 404.1520(a)(4)(ii).   At the third step, the
> ALJ must decide whether the claimant's severe impairments meet
> or medically equal a listed impairment.   *Id.* § 404.1520(a)(4)(iii).
> If not, the ALJ must then determine at step four whether the

claimant has the RFC[3] to perform her past relevant work.   *Id.*
§ 404.1520(a)(4)(iv).   If the claimant cannot perform her past
relevant work, the ALJ must determine at step five whether the
claimant can make an adjustment to other work, considering the
claimant's RFC, age, education, and work experience.   An ALJ
may make this determination either by applying the Medical
Vocational Guidelines or by obtaining the testimony of a
[Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

2015) (footnote added).

## II.   BACKGROUND

On July 25, 2017, plaintiff applied for a period of disability and

disabled widow's benefits.   Tr. 18.   She alleged disability beginning on

January 16, 2016.   *Id.*   Her claims were initially denied on February 14,

2018, and upon reconsideration on June 12, 2018.   *Id.*   She requested a

hearing and appeared before ALJ Robert O. Foerster.   *See* Tr. 24.   The

ALJ issued an unfavorable determination on October 10, 2019.   *Id.*   The

Appeals Council denied her request for review.   Tr. 1-5.

---

[3]   At steps four and five, the ALJ assesses the claimant's residual functional capacity
(RFC) and ability to return to her past relevant work.   *Phillips v. Barnhart*, 357 F.3d
1232, 1238 (11th Cir. 2004).   RFC is what "an individual is still able to do despite
the limitations caused by his or her impairments."   *Id.* (citing 20 C.F.R. §
404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).
"The ALJ makes the RFC determination based on all relevant medical and other
evidence presented.   In relevant part, the RFC determination is used to decide
whether the claimant can adjust to other work under the fifth step."   *Jones v.
Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

Plaintiff was forty-nine years old at the time she alleges she became disabled and fifty-three years old when the ALJ issued his unfavorable decision.   Tr. 139.   At the hearing, plaintiff testified that she has a Bachelor of Science degree in chemistry.   Tr 41.   She identified a neck injury, a left-arm injury with nerve pain and occasional numbness, and a removal of ganglion cysts from her left hand with nerve pain and occasional numbness as disabling conditions.   Tr. 160; *see also* Tr. 21 (ALJ stated that plaintiff "alleges inability to work due to neck and back pain since an on the job injury in 2010."), 33 (plaintiff's testimony that she has "trouble" with her neck, back, and left arm).

After a hearing, the ALJ found that Kearse was not disabled. Tr. 24.   At step one, he found that she had not engaged in substantial gainful activity since she allegedly became disabled.   Tr. 20.   At step two, he found that plaintiff's cervical disk disease, lumbar disk disease, and obesity constituted severe impairments.   Tr. 20-21.   He found, however, that any impairment resulting from the surgery to remove the ganglion cyst was not severe.   Tr. 21.   Despite finding plaintiff had severe impairments, he found that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing.

4

Tr. 21.   Based on the evidence of record, the ALJ found that Kearse retained the RFC for the full range of light work.   Tr. 21-23.   At step four, he concluded that Kearse was unable to perform her past relevant work as a laboratory analyst.   Tr. 23.   Despite her inability to perform her past relevant work, the ALJ found that she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy.   Tr. 23.   Based on the determination that Kearse was capable of performing the full range of light work, and her age, education, and work experience, the ALJ concluded she was not disabled. Tr. 24.

## III.   ANALYSIS

Kearse argues that the ALJ erred by discounting the opinions of two consultative physicians, Drs. Hetman and Livingston.   *See generally* doc. 13.   She contends that, because the ALJ improperly discounted those opinions, his determination of plaintiff's RFC failed to account for those portions of the opinions which precluded light exertion.   *See id.* at 1.   As plaintiff's brief summarizes:

> [T]he ALJ discounted the first [consultative examination, or "C.E."] opinion, of Dr. Hetman, that Plaintiff was limited to less than light exertion on the ground they [sic] were not supported by objective medical findings without even a short

> gloss of those physical findings (. . .).   The ALJ discounted the
> second [C.E. opinion, of Dr. Livingston] on the ground that it
> was 'based entirely on claimant's subjective complaints'
> without even a short reference to Dr. Livingston's physical
> findings . . . ."

Doc. 13 at 10-11.

The Commissioner responds that "[t]he ALJ explicitly considered the opinions of Dr. Hetman and Dr. Livingston and determined their opinions were not persuasive based on the objective medical findings." Doc. 14 at 10.   After reviewing medical evidence from the record, the Commissioner concludes that "[t]he objective findings from the medical sources do not support greater limitations than those included in the ALJ's RFC determination." *Id.* at 11.   Plaintiff replies that, despite the Commissioner's analysis, the brief "does not point to any particular portion [of the ALJ's opinion] showing that the opinions of Drs. Hetman and Livingston were evaluated and weighted, nor what credit if any the ALJ assigned to the two C.E.'s physical findings." Doc. 15 at 2. Plaintiff is correct.

The Commissioner points out, and plaintiff does not dispute, that this case is governed by the 2017 amendments to the SSA's regulations concerning evaluation of medical evidence.   *See* doc. 14 at 7-9, doc. 15 at

1 (noting the Commissioner's summary of "the standards applicable to review of medical records and opinions" without objecting to that summary).   The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations.   *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at \*4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion.   Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.   [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.   *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be."   *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."   *Id.* § 404.1520c(c)(2).

*Id.*   As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship

between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Even under the amended regulations, "[t]he ALJ 'must provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." *Lawrence v. Kijakazi*, 2022 WL 421139, at * 4 (S.D. Ga. Jan. 24, 2022) (quoting *Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021)); *see also Martin v. Kijakazi*, 2022 WL 264889, at *4 (S.D. Ga. Jan. 7, 2022) ("[U]nder the [amended] regulations the ALJ 'must consider the opinion, assess its persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.'" (quoting *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (alterations omitted))), *adopted* 2022 WL 264549 (S.D. Ga. Jan. 27, 2022). The regulations explicitly provide that the ALJ "will explain *how* [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 416.920c(b)(2) (emphasis added); *see also Cook*, 2021 WL 1565832, at * 2 ("[T]he ALJ

*must explain* the consideration of those two factors [*i.e.* supportability and consistency]." (emphasis added)).

The ALJ's evaluation of Dr. Livingston's opinion, in its entirety, is that the ALJ "discounts Dr. Livingston's physical capacities evaluation because it is based entirely on claimant's subjective complaints."   Tr. 23. The Commissioner's brief attempts to expand the summary evaluation by pointing to other portions of the record that might explain how Dr. Livingston's opinion was either not supportable or inconsistent with other medical findings.   *See* doc. 14 at 10-11.   Notably, however, the Commissioner does not cite to any portion of the ALJ's opinion that explains the connection between that evidence and the ALJ's conclusions concerning Dr. Livingston's opinions.   *See id.*   The lack of any explanation of *how* Dr. Livingston's reliance on plaintiff's "subjective complaints" rendered his opinion not supported or inconsistent with other evidence in the record requires remand.[4]   *See Evans v. Kijakazi*,

---

[4]   The ALJ's evaluation of Dr. Hetman's opinion is more robust, if only minimally. The ALJ did "not find this consultative examination persuasive based on claimant's limitations are not supported by objective medical findings."   Tr. 22.   Despite the grammatical infelicity of the statement, the ALJ's opinion at least waves at the factors of supportability and consistency.   The Commissioner's brief summarizes other medical evidence in the record, both from Dr. Hetman's examination and other medical evidence, that bears on supportability and consistency.   *See* doc. 14 at 10-11.   Specifically, the Commissioner points to Dr. Hetman's notation of limited

2022 WL 561658, at * 4 (S.D. Ga. Feb. 4, 2022) ("The terse treatment by [the] ALJ . . . where no records are cited to support his discounting of [the medical] opinion prevents the Court from evaluating whether his assessment is supported by substantial evidence." (citations omitted)), *adopted* 2022 WL 555470 (S.D. Ga. Feb. 23, 2022) (rejecting ALJ's explanation as insufficient where "the ALJ does not describe or cite to any other medical evidence in the record"); *Clark v., Kijakazi,* 2022 WL 509671, at *5-7 (S.D. Ga. Jan. 31, 2022), *adopted* 2022 WL 509114 (S.D. Ga. Feb. 18, 2022); *Martin*, 2022 WL 264889, at * 4 (explaining "the Court . . . must examine the administrative decision as delivered.").

---

tenderness in plaintiff's spine, *i.e.* only at L5-S1, normal gait and station, normal grip strength, and normal X-ray's of plaintiff's cervical spine, and only mild degenerative disk disease at L1/L2. *Id.* at 10. Those findings might *suggest* inconsistency with his conclusions concerning plaintiff's limitations, or that those conclusions were not supported. While this Court has previously rejected such *post hoc* attempts to rehabilitate an insufficient explanation, *see, e.g., Evans*, 2022 WL 561658, at *5 (S.D. Ga. Feb. 4, 2022) (rejecting "any attempt by the Commissioner now to point to specific medical evidence that might be inconsistent with [a medical opinion] cannot be considered."), the Court need not parse whether the ALJ's oblique references are sufficient, since remand is appropriate because of the lack of any explanation of supportability or consistency with respect to Dr. Livingston's opinion. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record").

## IV.   CONCLUSION

For the reasons set forth above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).   This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of March, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA