UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIET D. KEARSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-225 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 19. The Commissioner does not oppose the request. Doc. 20. For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED**. Doc. 19.

## I.   BACKGROUND

After the parties briefed the issues, the District Judge remanded plaintiff's social security appeal to the agency for further consideration

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in plaintiff's favor. Docs. 17 (Remand Order) & 18 (Judgment). Plaintiff then filed the instant motion requesting $2,053.50 in attorney's fees. Doc. 19-1 at 8.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and his request is timely. *Compare* doc. 18 (Judgment entered March 21, 2022) *with* doc. 19 (motion filed April 20, 2022). He has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the Court's Order remanding the case to the agency for further proceedings, after finding that the ALJ improperly discounted a consultative physician's opinion when formulating the RFC. Doc. 16 at 5-11 *adopted by* doc. 17. Moreover, the Commissioner does not oppose the request for fees and has therefore not refuted the plaintiff's assertion that the agency's decision was not substantially justified. *See* doc. 20. The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of*

3

*City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel spent 11.10 hours total on the case. *See* doc. 19-4. The transcript totaled 379 pages, *see* doc. 12-1, and counsel distilled that record down into a 14-page brief containing two arguments, *see* doc. 13. He also prepared and submitted a reply to the Commissioner's brief. Doc. 15. He was successful, in that the Court agreed that remand was appropriate. Doc. 17.

Plaintiff's counsel seeks approval of an hourly rate of $212.35. Doc. 19-1 at 7. He identifies a case from this Court approving that same hourly rate. *Id.* (citing *Brown v. Astrue*, 2014 WL 4928880 (S.D. Ga. Sept. 30, 2014)). He points out that a cost-of-living increase is specifically mentioned in the Act as a factor justifying a higher hourly rate, and that the cost of living has in fact increased. *Id.* at 6. Counsel also argues that his extensive experience in similar cases justifies the requested rate. *Id.*

4

The Court should approve counsel's proposed hourly rate as reasonable. *See Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (Moore, J.) (finding rates of $206.60 and $219.63 per hour reasonable).

Multiplying the approved hours by the approved hourly rate would yield an award of $2,357.09. Plaintiff's motion, however, requests a fee award of $2,053.50. Doc. 19-1 at 8. Dividing that total amount by the total number of hours expended (11.10 hours), reveals that counsel apparently applied an hourly rate of $185 in calculating the requested amount. Although the requested rate of $212.35 appears reasonable, Plaintiff expressly requested an award of $2,053.50, and the Commissioner expressly consented to a fee award of $2,053.50. Doc. 20. The Court should **GRANT** the motion and award Plaintiff[2] $2,053.50 in

---

[2] Plaintiff indicates in his motion that he and his counsel have entered into an assignment agreement. Doc. 19. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also* Robinson v. Comm'r of Soc. Sec., 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue

attorney's fees. If Plaintiff contests this award and wishes to clarify the amount of fees he seeks, the fourteen-day objection period discussed below affords him an opportunity to do so.

## III. CONCLUSION

The Court should **GRANT** Plaintiff's Motion for Attorney Fees. Doc. 19.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 28th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA